IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RODNEY-EMILE PIEDVACHE,<br><br><br>Plaintiff,<br><br><br>vs.<br><br><br>GOVERNOR DAVID IGE, *et al.*,<br><br><br>Defendants. | Civil No. 16-00138 DKW-RLP<br><br>**ORDER GRANTING (1) GOVERNOR DAVID IGE AND FIRST LADY DAWN IGE'S MOTION TO DISMISS; (2) SENATOR MAZIE HIRONO AND SENATOR BRIAN SCHATZ'S MOTION TO DISMISS; (3) THE HONORABLE TULSI GABBARD'S MOTION TO DISMISS; (4) LINDA KWOK KAI YUN SCHATZ'S MOTION TO DISMISS; AND (5) HAWAII POLICE DEPARTMENT'S MOTION TO DISMISS** |

**ORDER GRANTING (1) GOVERNOR DAVID IGE AND FIRST LADY DAWN IGE'S MOTION TO DISMISS; (2) SENATOR MAZIE HIRONO AND SENATOR BRIAN SCHATZ'S MOTION TO DISMISS; (3) THE HONORABLE TULSI GABBARD'S MOTION TO DISMISS; (4) LINDA KWOK KAI YUN SCHATZ'S MOTION TO DISMISS; AND (5) HAWAII POLICE DEPARTMENT'S MOTION TO DISMISS**

## INTRODUCTION

Plaintiff Rodney-Emile Piedvache was arrested in Hilo, Hawaiʻi for failure to comply with drivers' licensing and motor vehicle registration requirements and faces ongoing prosecution in state court on the charges stemming from that arrest.

Piedvache contends that he is exempt from governmental statutes and regulations that require motor vehicle operators to comply with licensing and registration requirements on public roadways.  On March 24, 2016, Piedvache, proceeding pro se, filed a Complaint against the Governor of the State of Hawaii and his wife; members of the Hawaii congressional delegation and their spouses; the County of Hawaii Police Department and individual officers involved in his arrest; and the Hawaii Tribune Herald newspaper, alleging violations of 42 U.S.C. § 1983, copyright law, and criminal law.  Because the Complaint fails to state a claim for relief or to provide a valid basis for the Court's subject matter jurisdiction, the Court GRANTS defendants' motions to dismiss.[1]  Piedvache is GRANTED limited leave to file an amended complaint in accordance with the terms of this order by no later than November 28, 2016.

## **BACKGROUND**

According to Piedvache's Complaint:

> On or about January 2, 2016 at approximately 9:00 am, while plaintiff was traveling in his truck on a public roadway in Hilo, Plaintiff was arrested and ordered to obtain a drivers license and an automobile license, etc.  I stand on what the Supreme Court says when they speak these words, "The right of a citizen to travel upon the public highways and to transport his property thereon, by horse-drawn carriage, wagon, or automobile, *is not a mere privilege which may be permitted or prohibited at will, but a common right* which he has under his right to life, liberty

---

[1]Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

> and the pursuit of happiness.  Under this constitutional guaranty
> one may, therefore, under normal conditions, travel at his
> inclination along the public highways or in public places, and
> while conducting himself in an orderly and decent manner,
> neither interfering with nor disturbing another's rights, he will
> be protected, not only in his person, but in his safe conduct."
>
>        * * * *
>
> These events occurred in Hilo, Hawaii near the outdoor market
> on a Saturday morning while there were lots of people shopping
> there.  These things were done in a public place where there
> were witnesses and a video taken and posted on [YouTube] of
> the arrest.

Complaint at 4-5.

Following his arrest, the Hawaii Tribune Herald "wrote a piece in their

newspaper about [Piedvache] due to the police report without [his] express written

consent."  Complaint at 5.  Piedvache alleges, "I notified the police officers about

my copyright and tried to show it to them.  They refused to acknowledge it and

laughed at me."  Complaint at 5.

> The Defendants in this case has deprived the Plaintiff of his
> constitutional rights under the color of law, custom or usage,
> conspiracy to so deprive and/or failure, neglect or refusal to
> protect plaintiff from said conspiracy when it was in their
> power to do so.  They were also in violation of breaking the
> copyright laws of this country as I have a copyright on my
> name which they had no right to use without my express,
> written consent.

Complaint at 4.

From what the Court can discern, Piedvache named Governor Ige, Senator Schatz, Senator Hirono, and Congresswoman Gabbard as defendants because they conspired with others to deprive him of his constitutional rights and "failed to protect [him] from said conspiracy although they have been notified and [are] in a position to do so."[2]  Complaint at 5.

Piedvache seeks "one hundred billion one hundred forty two million dollars ($100,142,000,000) which we would like to have in lawful US Silver Dollars," in addition to the following relief:

> Plaintiff asks the court to order the Hawaii Police Department to Cease and Desist to harass the plaintiff while traveling on the public highways on the Big Island.  They are continuing at the present time to harass me with tickets and continuous court hearings.  I would also ask this court for an order to have the venue changed from the State courts to this court that this matter can be resolved.  The ransom they charged me for my release from their unlawful arrest was in the amount of $1,025.

Complaint at 6.

Defendants seek dismissal with prejudice of all claims colorably alleged in the Complaint.  In opposition to the motions, Piedvache raises several issues not addressed in the Complaint relating to his birth certificate, Social Security card,

---

[2]Piedvache alleges that he named several of defendants' spouses as parties because:

> The wives (husbands) are to the best of the plaintiff[']s knowledge and belief and are named above and are joined as a protection to the plaintiff against their spouses unlawful dissipation of assets or attempted conveyances of property in an attempt to defraud legitimate creditors.

Complaint at 4.

and the conduct of County of Hawaii Police Officers and the Governor.  He also

questions the authority and legitimacy of the State of Hawaii and the United States

of America.

## STANDARD OF REVIEW

## I.    Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims

over which it lacks proper subject matter jurisdiction.  A court may determine

jurisdiction on a motion to dismiss under Rule 12(b)(1) so long as "the

jurisdictional issue is [not] inextricable from the merits of a case."  *Kingman Reef*

*Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).  A

plaintiff has the burden of proving that subject-matter jurisdiction in fact exists.

*Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp*., 594 F.2d 730, 733 (9th Cir.

1979).

A challenge to the Court's subject-matter jurisdiction may be "facial or

factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In

a facial attack, the party challenging jurisdiction argues that the allegations

contained in a complaint are insufficient "on their face" to invoke federal

jurisdiction.  *Id*.  A facial challenge, therefore, mirrors a traditional motion to

dismiss analysis.  The Court must take all allegations contained in the pleading "to

be true and draw all reasonable inferences in [plaintiff's] favor." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

## II.   <u>Failure To State A Claim</u>

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief can be granted.  Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not constitute a short and plain statement of the claim showing that the pleader is entitled to relief as required by Rule 8(a)(2). *Id.* at 679.

A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG*

*Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

Courts may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss. *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994).

## DISCUSSION

Because Piedvache is appearing pro se, the Court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967,

977-78 (9th Cir. 2013).  The Court notes that, although he is proceeding pro se,

Piedvache is familiar with his federal court filing and pleading responsibilities.[3]

## I.      Claims Against Immune Parties Are Dismissed With Prejudice

The Court first addresses the claims against official-capacity defendants who

are absolutely immune from suit based on the allegations in the Complaint.

First, any claim for damages against a federal official in his or her official

capacity is considered an action against the United States.  *Sierra Club v. Whitman*,

268 F.3d 898, 901 (9th Cir. 2001).  Because there is no evidence or allegation that

the United States has waived its sovereign immunity in the circumstances

presented here, the Court lacks subject matter jurisdiction over the official-capacity

claims against Senator Schatz, Senator Hirono, and Congresswoman Gabbard.

*Rockefeller v. Bingaman*, 234 F. App'x 852, 855 (10th Cir. 2007).   To be clear, to

the extent Piedvache alleges that the federal defendants are liable for failing to take

official action to prevent an alleged conspiracy to violate his constitutional rights,

the federal defendants are absolutely immune and the claims against them are

dismissed with prejudice.

Second, all claims for damages against the State and state officials acting in

their official capacities are barred by the Eleventh Amendment.  *See Will v. Mich.*

---

[3]Piedvache has filed previous, unsuccessful actions against the State of Hawaii and County of Hawaii Police Department based on prosecutions for traffic violations and purported violations of his copyright. *See, e.g.*, 01-cv-00294-HG-KSC; 10-cv-00158-JMS-LEK.

*Dep't State Police*, 491 U.S. 58, 71 (1989); *Papasan v. Allain*, 478 U.S. 265, 275 (1986); *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *see also Linville v. Hawaii*, 874 F. Supp. 1095, 1103 (D. Haw. 1994) (State of Hawaii has not waived its sovereign immunity for civil rights actions brought in federal court); *Sherez v. Haw. Dep't of Educ.*, 396 F. Supp. 2d 1138, 1142-43 (D. Haw. 2005) (dismissing claims against state agency and state official in his official capacity based on Eleventh Amendment immunity).  Thus, Eleventh Amendment immunity bars all claims for damages against Governor Ige in his official capacity.

Accordingly, all official-capacity claims for damages against Senator Schatz, Senator Hirono, Congresswoman Gabbard, and Governor Ige are dismissed with prejudice.

## II.    The Complaint Fails To State A Claim

Liberally construed, Piedvache alleges violations of Section 1983, 42 U.S.C. § 1986, copyright law, the Racketeering Influenced Corrupt Organizations Act ("RICO"), and the federal criminal code.[4]  None of these claims is legally tenable or plausible for the reasons that follow.

---

[4] The Complaint states that "the basis for federal court jurisdiction is a Federal question based on the following: The 4th Amendment[;] the 8th Amendment[;] Title 42 Section 1986[;] Title 18 Section 1961[;] Title 18 Section 241[;] Title 18 Section 242[.]"

**A.      The Complaint Fails To State A Section 1983 Or *Bivens* Claim**

There are numerous problems with the Section 1983 claims alleged in the Complaint.[5]  To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

First, the Complaint fails to state a claim for violation of the Eighth Amendment, as there are no allegations that Piedvache is confined, in custody, or imprisoned by any government.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (claims by prisoners arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment); *see also United States v. Lovett*, 328 U.S. 303, 317-18 (1946) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions. . . .  [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.").  To the extent he argues in opposition that he was charged excessive fines or bail for his release from custody, he fails to plausibly allege facts to support the claim that any defendant was

---

[5]To the extent Piedvache attempts to bring these claims against the federal defendants in their individual capacities, the Court liberally construes the allegations as brought under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

responsible for setting the terms of his bail.  *See, e.g., Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 663 (9th Cir. 2007) ("Pursuant to traditional tort law principles of causation, which we apply to § 1983 claims, a judicial officer's exercise of independent judgment in the course of his official duties is a superseding cause that breaks the chain of causation linking law enforcement personnel to the officer's decision[.]") (citations omitted); *Walden v. Carmack*, 156 F.3d 861, 874 (8th Cir. 1998) (Holding that sheriff could not be liable under Section 1983 for violating right to be free from excessive bail, even if he recommended a bail amount to the judicial officer who set plaintiffs' bail, because "setting the bail bond is entirely at the discretion of the presiding judge."); *see also Alfred v. Gillespie*, 2013 WL 2096452, at *5 (D. Nev. Apr. 18, 2013), *adopted by*, 2013 WL 2096431 (D. Nev. May 14, 2013) ("'The plain meaning of 'excessive bail' does not require that it be beyond one's means, only that it be greater than necessary to achieve the purposes for which bail is imposed.'  To survive on a § 1983 claim, the plaintiff must allege that the defendants were the 'actual and proximate cause of his bail enhancement.'") (citing *Galen*, 477 F.3d at 661–63).  Consequently, the Eighth Amendment claim fails.

Second, Piedvache fails to state a Fourth Amendment claim based upon the allegations relating to his January 2, 2016 arrest.  To the extent he attempts to state an excessive force violation, his claims are impermissibly vague.  The Fourth

Amendment prohibits the use of excessive force arising in the context of an arrest or investigatory stop of a free citizen.  *See Graham v. Connor*, 490 U.S. 386, 395 (1989).  To state a claim for excessive force, a plaintiff must allege facts to support that an official used or caused to be used objectively unreasonable force against him.  *See Brosseau v. Haugen*, 543 U.S. 194, 197 (2004).  Beyond the specific prohibition of excessive force, the Fourth Amendment generally proscribes unreasonable intrusions on one's bodily integrity and other harassing and abusive behavior that rises to the level of 'unreasonable seizure.'"  *Fontana v. Haskins*, 262 F.3d 871, 878-79 (9th Cir. 2001) (determining that police officer's "sexual verbal and physical predation against a handcuffed arrestee" on ride to police station violated Fourth Amendment).  Piedvache's argument that the individual officers violated his constitutional rights by laughing at him on January 2, 2016 is insufficient.  *See* Mem. In Opp. at unnumbered page 8 ("He was arrested in spite of his conversation with the officers and has endured 'mental and physical suffering; insomnia; worry; financial insecurity; and stress and strain in relationships with his friends and family.[']  He was also subjected to ridicule and embarrassment not only by the public, but also by the officers.").  In any event, no cause of action for ridicule by officers exists.  *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (Holding that "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.") (citation omitted); *cf. Yocum*

*v. Kootenai Cnty.*, 2011 WL 2650217, at *8 (D. Idaho July 6, 2011) ("There was not simply verbal abuse but also an alleged improper touching, albeit of very short duration, and the alleged verbal comments preceded and also accompanied the touching.").

Further, to the extent the allegations could be construed to allege a Section 1983 claim under the Fourth Amendment for arrest without probable cause, *see Beck v. Ohio*, 379 U.S. 89, 90-91 (1964), Piedvache likewise fails to state a claim. Whether a police officer has probable cause to arrest is determined by looking at the facts known to the officer at the time of the arrest. *Turner v. County of Washoe*, 759 F. Supp. 630, 634 (D. Nev. 1991). Probable cause exists if the facts and circumstances within the officer's knowledge and of which the officer has reasonably trustworthy information are sufficient to warrant a prudent officer in believing the person committed a crime. *Id.* The existence of probable cause precludes a claim of unlawful arrest. *Wyatt v. Cole*, 504 U.S. 158, 165 (1992); *Turner*, 759 F. Supp. at 633 (acknowledging the well-established principle that "a police officer who arrests with probable cause is immune from suit in a civil rights action"). The Complaint lacks any allegation that the individual officers were without probable cause to arrest him. Piedvache's subjective beliefs regarding the

authority of the State and his right to travel on public roadways free from governmental regulation are not pertinent to the probable cause inquiry.[6]

Third, the Court notes that the Complaint is impermissibly vague with respect to the conduct of each defendant that gives rise to his or her liability.  In particular, under the circumstances presented here, the Court cannot discern or even conjure any cognizable claim against Senator Schatz, Senator Hirono, Congresswoman Gabbard, or Governor Ige – or any of their spouses – based upon his or her own personal conduct.  The vague, conclusory allegations of violations of federal law or constitutional rights are insufficiently alleged with respect to these defendants.  *See Nichols v. Logan*, 355 F. Supp. 2d 1155, 1165 (S.D. Cal. 2004) ("A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains.'") (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  To the extent the claims against any official are based upon supervisory liability or a policy promulgated by the supervisor, the Complaint fails to identify a specific policy or establish a "direct causal link"

---

[6]In any event, there is no recognized right to drive a motor vehicle without complying with applicable licensing laws. *See, e.g.*, *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1477 (9th Cir. 1993); *Nevada v. Matlean*, 2009 WL 1810759, at *2 (D. Nev. June 24, 2009); *Kaltenback v. Breaux*, 690 F. Supp. 1551, 1553-55 (W.D. La. 1988); *see also United States v. Kingsley*, 241 F.3d 828, 838 (6th Cir. 2001) (no constitutional right to a driver's license); *Miller v. Reed*, 176 F.3d 1202, 1205-06 (9th Cir. 1999) (no fundamental right to drive a motor vehicle).

between that policy and the alleged constitutional deprivation.  *See, e.g., City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.").

Fourth, even if Piedvache could state an Eighth or Fourth Amendment claim premised on Section 1983, he cannot do so against most of the defendants named in the Complaint.[7]  The federal officials are immune from suit in their individual capacities for any alleged failure to take a legislative action on behalf of Piedvache under the Speech or Debate Clause of the Constitution.  *See Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 731 (1980) ("[T]he Speech or Debate Clause immunizes Congressmen from suits for either prospective relief or damages.") (citing *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 502-503 (1975)); *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012) ("Legislators are entitled to 'absolute common-law immunity against civil suits for their legislative acts, which is parallel to the immunity provided by the Speech or Debate Clause.'") (citation omitted).

---

[7]As discussed previously, the federal and state officials are immune from suit in their official capacities.

Further, Section 1983 claims do not generally lie against private parties, such as the Hawaii Tribune Herald.  To state a claim under Section 1983, a plaintiff must allege the violation was committed by a person acting under color of law.  Individuals and private entities are not normally liable under Section 1983, given these requirements, because they "are not generally acting under color of state law, and . . . '[c]onclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.'"  *Price v. State of Haw.*, 939 F.2d 702, 708 (9th Cir. 1991) (citing *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted)); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982).  The ultimate issue in determining whether a person is subject to suit under Section 1983 is whether the alleged infringement of federal rights is fairly attributable to the government.  *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (citation omitted).  *See Lugar*, 457 U.S. at 939 ("Action by a private party pursuant to this statute, without something more, was not sufficient to justify a characterization of that party as a 'state actor.'").  The Complaint offers no facts to support a finding that the newspaper acted under color of state law for purposes of Section 1983 liability.

In short, Piedvache fails to set forth factual content that allows the Court to draw the reasonable inference that any named defendant is liable for any misconduct alleged.

## B.      The Complaint Fails To State A Section 1986 Claim

To the extent Piedvache attempts to allege a violation of Section 1986, he

fails to plausibly allege a requisite Section 1985 conspiracy in violation of his civil

rights.[8]  To properly assert such a claim, Piedvache must "allege specific facts to

support the existence of a conspiracy among the defendants."  *Buckey v. Cnty. of*

*Los Angeles*, 968, 791, 794 (9th Cir. 1992); *Karim-Panahi v. Los Angeles Police*

*Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).  He must allege that defendants

conspired or acted jointly in concert and that some overt act was done in

furtherance of the conspiracy.  *Sykes v. State of Calif.*, 497 F.2d 197, 200 (9th Cir.

1974).  To state a claim for conspiracy in this context, a plaintiff must plead that

"two or more persons conspire[d] for the purpose of impeding, hindering,

obstructing, or defeating . . . the due course of justice in any State or Territory,

---

[8] 42 U.S.C. § 1986 provides:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

with intent to deny to any citizen the equal protection of the laws . . . ."  42 U.S.C.

§ 1985(2).  Section 1985 therefore requires "an allegation of class-based animus

for the statement of a claim" under its second clause.  *Portman v. Cnty. of Santa*

*Clara*, 995 F.2d 898, 908-09 (9th Cir. 1993) (internal quotations omitted).

Piedvache fails to include such an allegation in the Complaint.  Accordingly, he

fails to state a claim for conspiracy under Section 1985 and likewise fails to allege

a Section 1986 violation.

### C.  The Complaint Fails To State A Civil RICO Claim

The Complaint vaguely references "racketeering" and Title 18 Section 1961.

*See* Complaint at 4, 6.  To the extent Piedvache attempts to allege a civil RICO

claim, he must demonstrate "(1) conduct (2) of an enterprise (3) through a pattern

(4) of racketeering activity and, additionally must establish that (5) the defendant

caused injury to plaintiff's business or property."  *Chaset v. Fleer/Skybox Int'l, LP*,

300 F.3d 1083, 1086 (9th Cir. 2002) (citing 18 U.S.C. §§ 1962(c), 1964(c)); *see*

*also* 18 U.S.C. § 1961.  The Complaint does not satisfy any of these elements.  Nor

does it identify the predicate acts that form the basis of the alleged "scheme of

racketeering."  *See Graf v. Peoples*, 2008 WL 4189657, *6 (C.D. Cal. Sept. 4,

2008) (citing *Savage v. Council on American-Islamic Relations, Inc.*, 2008 WL

2951281, at *14 (N.D. Cal. July 25, 2008) (finding that a RICO claim was

insufficient where plaintiff set forth a "redundant narrative of allegations and

conclusions of law, but [made] no attempt to allege what facts are material to his claims under the RICO statute, or what facts are used to support what claims under particular subsections of RICO"); and *Federal Reserve Bank of San Francisco v. HK Systems*, 1997 WL 227955, at *3 (N.D. Cal. Apr. 24, 1997) (finding that a complaint was insufficient for failure to "identify exactly which acts are 'predicate acts' for RICO liability")).

### D.   The Complaint Fails To State A Copyright Claim

Piedvache maintains that "he has copyrighted his name with the copyright office of the United States Copyright Office – Trademark and Trade name."  Mem. In Opp. at unnumbered page 12.  He faults the Hawaii Tribune Herald for publishing an article on his arrest and court proceedings by referencing his name, asserting that the newspaper "did not have to publish his name.  They could have used a variable in its place. . . .  His name is a property right that has been copyrighted and is an original work of authorship by his mother and is fixed in a tangible form of his person."  *Id.*

The Complaint's allegation of copyright infringement based upon the use of his name in a newspaper article is frivolous.  *See, e.g., Gibson v. Crist*, 2007 WL 2257522, at *1 (N.D. Fla. Aug. 6, 2007) (dismissing copyright and trademark claims based on use of name as frivolous); *Peters v. Beard*, 2006 WL 2174707, at *3 (M.D. Pa. June 13, 2006) (dismissing complaint as frivolous where plaintiff

claimed that department of corrections personnel used his copyrighted name without permission); *see also generally* 17 U.S.C. § 102; 37 C.F.R.  202.1 (names are not proper subject matter for copyright protection).  Further, the reporting of statements made during open, public court proceedings does not support a claim for copyright infringement.  Because these claims are frivolous and amendment would be futile, these claims are accordingly dismissed with prejudice.

### E.     The Complaint Fails To State A Claim Under The Criminal Code

No civil cause of action exists for violation of the federal criminal code provisions cited in the Complaint, 18 U.S.C. §§ 241 and 242.  *See Cort v. Ash*, 422 U.S. 66, 79 (1975).  Because amendment would be futile, these claims are dismissed with prejudice.

### III.   Subject Matter Jurisdiction Is Lacking

Claims may also be dismissed where the Court does not have federal subject matter jurisdiction.  *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both the district court and counsel to be alert to jurisdictional requirements.").  "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).  "Federal courts are courts of limited jurisdiction," possessing "only that power

authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).  At the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the Court to assert subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

Piedvache alleges federal question jurisdiction based on violations of federal laws.[9]  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  The United States Supreme Court has recognized that a "plaintiff properly invokes § 1331 jurisdiction" by pleading "a colorable claim 'arising' under the Constitution or laws of the United States."  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).

As discussed above, he fails to state a claim for violation of his civil rights, copyright law, a civil RICO claim, or under the criminal code.  Moreover, the haphazard references to the United States Constitution, statutes and various international treaties scattered throughout the Complaint and Piedvache's

---

[9]The Court acknowledges, however, that Piedvache challenges the jurisdictional authority of this Court.  *See* Mem. in Opp. ¶ 14 ("Furthermore, this court and any other court of the United States really has no subject matter jurisdiction over any case here in these islands.").

opposition to the motions are not sufficient to create federal question jurisdiction. Any such causes of action are "so patently without merit as to justify the court's dismissal for want of jurisdiction." *Duke Power Co. v. Carolina Environmental Study Group, Inc*., 438 U.S. 59, 70 (1978).

Moreover, his invocation of the Hawaiian Kingdom, international law, or the 1993 Apology Resolution, Pub. L. No. 1031150, 107 Stat. 1510 (1993), does not affect the legitimacy of the United States or this District Court. *See United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993); *State v. Lorenzo*, 77 Haw. 219, 221, 883 P.2d 641, 643 (Ct. App. 1994); *Kupihea v. United States,* 2009 WL 2025316, at *2 (D. Haw. July 10, 2009); *Waialeale v. Offices of U.S. Magistrate(s),* 2011 WL 2534348, at *2 (D. Haw. June 24, 2011) ("The Ninth Circuit, this court, and Hawaii state courts have all held that the laws of the United States and the State of Hawaii apply to all individuals in this State.").

Finally, even if the Court had jurisdiction over any remaining claim – which it does not – the State criminal proceedings were initiated prior to proceedings on the merits in the instant federal action and abstention would be appropriate. *See Polykoff v. Collins,* 816 F.2d 1326, 1332 (9th Cir. 1987); *Younger v. Harris*, 401 U.S. 37 (1971).[10]

---

[10]To the extent Piedvache asks the Court to transfer venue of his ongoing state court case – presumably the prosecution of his traffic violations – the Court is without the authority to do so.

Accordingly, the Court is without the authority to adjudicate these claims, and the Complaint is DISMISSED.

## IV.   <u>Limited Leave To Amend Is Granted</u>

The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). "A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002); *see also Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 356 (9th Cir. 1996) (affirming the district court's denial of leave to amend "[b]ecause the proposed claim would be redundant and futile").

As discussed above, the copyright and criminal law claims are dismissed with prejudice. Moreover, the claims for damages against the federal and state governmental officials in their official capacities are barred by sovereign immunity. Consequently, given the Court's dismissal of the claims against them based on immunity and jurisdictional grounds, the Court finds that Piedvache cannot amend the Complaint to overcome the grounds on which these claims for damages are barred against Senator Schatz, Senator Hirono, Congresswoman Gabbard, and Governor Ige in their official capacities. These claims are dismissed

with prejudice.  *See, e.g., Heilman v. Sanchez*, 583 F. App'x 837, 839-40 (9th Cir. 2014) (holding that "the district court did not abuse its discretion by refusing to grant leave to amend because those aspects of the complaint could not be cured by amendment") (citing *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007)); *Shiraishi v. United States*, 2011 WL 4527393, at *8 (D. Haw. Sept. 27, 2011) ("Given the court's dismissal based on jurisdictional and immunity grounds, . . . Plaintiff plainly cannot amend his Complaint to overcome the multiple grounds on which his suit is barred.").

The dismissal of the following claims is without prejudice: Section 1983 claim based upon violations of the Fourth and Eighth Amendments; Section 1986 claim; and civil RICO claim.  Piedvache is granted limited leave to amend only these claims in order to attempt to cure the deficiencies identified above.  To be clear, any amended complaint may not re-allege copyright or criminal law claims dismissed with prejudice by this order or any official-capacity claims for damages against Senator Schatz, Senator Hirono, Congresswoman Gabbard, or Governor Ige.

If Piedvache chooses to file an amended complaint, he must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right Plaintiff believes was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or

failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct.  Plaintiff must repeat this process for each person or entity that he names as a defendant.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (en banc).  Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be realleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "First Amended Complaint" and may not incorporate any part of the original Complaint.  Rather, any specific allegations must be retyped or rewritten in their entirety.  Plaintiff may include only one claim per count.  Failure to file an amended complaint by

**November 28, 2016** will result in the automatic dismissal of this action without prejudice.

## CONCLUSION

For the foregoing reasons, the Court dismisses this action with limited leave to amend.  The following motions are granted: Governor David Ige and First Lady Dawn Ige's Motion to Dismiss (Dkt. No. 6), and related joinder (Dkt. No. 21); Senator Mazie Hirono and Senator Brian Schatz's Motion to Dismiss (Dkt. No. 8), and related joinder (Dkt. No. 14); The Honorable Tulsi Gabbard's Motion to Dismiss (Dkt. No. 11); Linda Kwok Kai Yun Schatz's Motion to Dismiss (Dkt. No. 15); Hawaii Police Department's Motion to Dismiss (Dkt. No. 17); and Leighton K. Oshima's Motion for Joinder (Dkt. No. 23).

Piedvache is granted limited leave to file an amended complaint in accordance with the terms of this order by no later than **November 28, 2016**.  The Court CAUTIONS Piedvache that failure to file an amended complaint by

///

///

///

**November 28, 2016** will result in the automatic dismissal of this action without

prejudice.

      IT IS SO ORDERED.

      Dated: November 2, 2016 at Honolulu, Hawai'i.

                              Derrick K. Watson
                              United States District Judge

---

Piedvache v. Ige, et al.; CV 16-00138 DKW-RLP; **ORDER GRANTING (1) GOVERNOR DAVID IGE AND FIRST LADY DAWN IGE'S MOTION TO DISMISS; (2) SENATOR MAZIE HIRONO AND SENATOR BRIAN SCHATZ'S MOTION TO DISMISS; (3) THE HONORABLE TULSI GABBARD'S MOTION TO DISMISS; (4) LINDA KWOK KAI YUN SCHATZ'S MOTION TO DISMISS; AND (5) HAWAII POLICE DEPARTMENT'S MOTION TO DISMISS**