IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RODNEY-EMILE PIEDVACHE, | Civil No. 16-00138 DKW-RLP |
| Plaintiff, | **ORDER DISMISSING CASE** |
| vs. | |
| GOVERNOR DAVID IGE, *et al.*, | |
| Defendants. | |

**ORDER DISMISSING CASE**

On March 24, 2016, Plaintiff Rodney-Emile Piedvache, proceeding pro se,

filed a Complaint against the Governor of the State of Hawaii and his wife;

members of the Hawaii congressional delegation and their spouses; the County of

Hawaii Police Department and individual officers involved in his arrest for failure

to comply with drivers' licensing and motor vehicle registration requirements; and

the Hawaii Tribune Herald newspaper, alleging violations of 42 U.S.C. § 1983,

copyright law, and criminal law.  In a November 2, 2016 Order, the Court granted

defendants' motions to dismiss and granted Piedvache limited leave to file an

amended complaint by no later than November 28, 2016.  Dkt. No. 42.  Piedvache

has yet to file an amended complaint or respond to the Court's November 2, 2016

Order in any other fashion.   As a result, this action is dismissed without prejudice.

Courts have the authority to dismiss actions for failure to prosecute or for

failure to comply with court orders.  *See Link v. Wabash R.R. Co*., 370 U.S. 626,

629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent

undue delays in the disposition of pending cases and to avoid congestion in the

calendars of the District Courts.").  The Court has discretion to dismiss a plaintiff's

action for failure to comply with an order requiring him to file an amended

pleading within a specified time period.  *Pagtalunan v. Galaza*, 291 F.3d 639, 640

(9th Cir. 2002).  Before dismissing an action for failure to prosecute, the Court

must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the

court's need to manage its docket; (3) the risk of prejudice to

defendants/respondents; (4) the availability of less drastic alternatives; and (5) the

public policy favoring disposition of cases on their merits."  *Id*. at 642 (citing

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

Upon careful consideration of these factors, the Court concludes that dismissal is warranted under the circumstances.[1]  The Court's November 2, 2016 Order was clear:

> The dismissal of the following claims is without prejudice: Section 1983 claim based upon violations of the Fourth and Eighth Amendments; Section 1986 claim; and civil RICO claim.  Piedvache is granted limited leave to amend only these claims in order to attempt to cure the deficiencies identified above.  To be clear, any amended complaint may not re-allege copyright or criminal law claims dismissed with prejudice by this order or any official-capacity claims for damages against Senator Schatz, Senator Hirono, Congresswoman Gabbard, or Governor Ige.
>
> ****
>
> Failure to file an amended complaint by **November 28, 2016** will result in the automatic dismissal of this action without prejudice.
>
> ****
>
> Piedvache is granted limited leave to file an amended complaint in accordance with the terms of this order by no later than **November 28, 2016**.  The Court CAUTIONS Piedvache that failure to file an amended complaint by November 28, 2016 will result in the automatic dismissal of this action without prejudice.

---

[1] As noted in the Court's prior Order, because Piedvache is appearing pro se, the Court liberally construes his pleadings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Although he is proceeding pro se, Piedvache is familiar with his federal court filing and pleading responsibilities.  Piedvache has filed previous, unsuccessful actions against the State of Hawaii and County of Hawaii Police Department based on prosecutions for traffic violations and purported copyright violations.  *See, e.g.,* 01-cv-00294-HG-KSC; 10-cv-00158-JMS-LEK.

11/2/16 Order at 24-27 (Dkt. No. 42).

Piedvache's failure to comply with the Court's order hinders the Court's ability to move this case forward and indicates that he does not intend to litigate this action diligently. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). This factor favors dismissal.

The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Piedvache offers no excuse or explanation for his failure to file a First Amended Complaint. When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. This factor favors dismissal.

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal. However, it is the responsibility of the moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Piedvache failed to discharge his responsibility to prosecute this action despite the Court's express warnings about dismissal in its prior order. *See* Dkt. No. 42.

4

Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Piedvache's failure to file an amended complaint, as directed by the Court in its November 2, 2016 Order.

The Court attempted to avoid outright dismissal of this action by granting Piedvache the opportunity to amend his allegations and providing specific guidance on how to do so. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not adequate here, given Piedvache's voluntary failure to comply with the Court's order. Under the present circumstances, less drastic alternatives are not appropriate. The Court acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal. On balance, however, because four factors favor dismissal, this factor is outweighed.

On the basis of the foregoing, the Court DISMISSES this action without prejudice and directs the Clerk of Court to close this case.

IT IS SO ORDERED.

Dated: December 5, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---